FILED
**Jan 30, 2020**
**12:16 PM(CT)**
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Maikel Reazkallah | ) | Docket No.    2018-06-2210 |
| | ) | |
| v. | ) | State File No. 80107-2018 |
| | ) | |
| Imperial Guard & Detective | ) | |
| Service, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

---

**Affirmed and Remanded**

---

In this interlocutory appeal, the employee appeals the trial court's order denying his request for medical treatment for alleged injuries to his legs and for temporary partial disability benefits. The employee was assaulted while in the course of his employment and was provided authorized care. He later asserted injuries to additional body parts and reasserted an entitlement to temporary disability benefits. Following an expedited hearing, the trial court found the employee had not presented sufficient evidence to entitle him to the requested benefits. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge David F. Hensley joined. Judge Pele I. Godkin did not participate.

Maikel Reazkallah, La Vergne, Tennessee, employee-appellant, pro se

David Weatherman, Nashville, Tennessee, for the employer-appellee, Imperial Guard & Detective Service, Inc.

**Memorandum Opinion**[1]

Maikel Reazkallah ("Employee") was employed as a security guard by Imperial Guard and Detective Service ("Employer").[2] On April 21, 2018, Employee was assaulted while in the course of his employment, initially alleging injuries to his right hand and left knee. The claim was accepted as compensable, and Employer provided some medical treatment with Dr. Michael Ladouceur. In a prior expedited hearing, Employee requested certain medical benefits, including payment of an outstanding medical bill, which Employer agreed to provide. Employee also requested temporary disability benefits in the prior hearing as his hours had been reduced and, ultimately, he had been terminated. Because he acknowledged at the hearing that his reduced hours and subsequent termination were unrelated to his work injury, the trial court denied Employee's request for temporary disability benefits. That order was not appealed.

Employee requested a second expedited hearing, seeking to compel Employer to provide medical treatment for injuries to both legs and to pay temporary partial disability benefits. Upon review of the medical records entered into evidence, the trial court concluded that, other than Employee's testimony, there was no evidence that the need for additional medical treatment, if any, arose primarily from the work incident. Additionally, the court reiterated its prior finding that Employee's reduced wages and subsequent termination were unrelated to his work injury and denied Employee's request for temporary partial disability benefits.

Employee filed a notice of appeal, alleging a video recording existed that would establish he suffered injuries to both legs and stating that he would submit medical documentation supporting his request for additional medical care. On November 22, 2019, Employee filed a request for an extension of time until January 15, 2020, to allow him to submit the purported video of the incident and additional medical reports. Considering the motion as one to supplement the record, we remanded the case to the trial court to rule on Employee's request. The trial court denied Employee's motion to supplement the record, and the appeal proceeded in due course.

It is unclear what relief Employee seeks on appeal, as he has raised no reviewable issues in his notice of appeal and has filed no brief on appeal. It appears that he wishes to submit additional proof, which the trial court has declined to accept to date. As we have explained previously, we will not consider evidence not presented to and considered by

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

[2] We have not been provided a transcript or a joint statement of the evidence. Thus, we have gleaned the facts from the pleadings, other filings, and the trial court's order.

the trial court. *See Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at \*13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015) ("[W]e will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge.").

Moreover, Employee has not filed a transcript of the hearing or a joint statement of the evidence. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(1) (2018). Accordingly, we must presume the trial judge's factual findings are supported by the record. *Hale v. Prime Pkg. & Label*, No. 2015-06-0150, 2015 TN Wrk. Comp. App. Bd. LEXIS 22, at \*13 (Tenn. Workers' Comp. App. Bd. July 16, 2015). *See also*, *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her.").

It is not our role to search the record for possible errors or to formulate Employee's legal arguments in favor of his position where he has provided no meaningful argument or authority to support his position. *Cosey v. Jarden Corp.*, No. 2017-01-0053, 2019 TN Wrk. Comp. App. Bd. LEXIS 3, at \*8 (Tenn. Workers' Comp. App. Bd. Jan. 15, 2019). Were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as his counsel, which the law prohibits. *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at \*5 (Tenn. Ct. App. Aug. 12, 2015).

We note that Employee is self-represented in this appeal, as he was in the trial court. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). However, as explained by the Court of Appeals,

> courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted).

For the foregoing reasons, we affirm the decision of the trial court and remand the case. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Maikel Reazkallah ) | Docket No. 2018-06-2210 |
| ) | |
| v. ) | State File No. 80107-2018 |
| ) | |
| Imperial Guard & Detective ) | |
| Service, Inc., et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Kenneth M. Switzer, Chief Judge ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 30th day of January, 2020.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Maikel Reazkallah | | X | | X | 456 Cedar Park Circle LaVergne, TN 37086 maikel.reazkallah@yahoo.com |
| David Weatherman | | | | X | david.weatherman@zurichna.com christi.thomas@zurichna.com |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*Olivia Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov